✓ FILED ___ LODGED
___ RECEIVED ___ COPY
SEP 2 4 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ______ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PAUL MICHAEL NELSON, Pro Se, and

CYNTHIA D. NELSON, Pro Se,

Plaintiffs,

**CV-26-06833-PHX-JAT**

v.

MORTGAGE RESEARCH CENTERS, LLC

(d/b/a VETERANS UNITED HOME LOANS);

PIONEER TITLE AGENCY, INC.;

DAVID ASHTON;

NAVAJO COUNTY ATTORNEY'S OFFICE;

[and remaining Defendants],

Defendants.

Case No.: [Clerk to Assign]

***MASTER COMPLAINT FOR SYSTEMIC REAL ESTATE RACKETEERING***

*PLAINTIFFS' DEMAND FOR TRIAL BY JURY*

## *I. JURISDICTION AND VENUE ALLEGATIONS*

1. *This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.*
2. *Supplemental State Jurisdiction is invoked pursuant to 28 U.S.C. § 1367 for related state law claims, including fraudulent inducement and forgery under Arizona Revised Statutes (A.R.S.) § 33-422, which form part of the same case or controversy.*
3. *Divisional venue is proper in the District of Arizona as the real property, transactions, and core events giving rise to these claims occurred within this judicial district.*

## *II. SPECIAL LEGAL MANDATE: MANDATORY ADA COMMUNICATION ACCOMMODATION*

*4. Plaintiff Paul Michael Nelson is a disabled veteran and a vulnerable adult with severe visual impairments. Pursuant to the Americans with Disabilities Act, Plaintiff formally demands that all court communications, orders, and filings be provided in large-print format (minimum 13-point font) with appropriate visual intensity adjustments. Non-compliant formatting may result in sanctions as permitted by federal law.*

## *III. PRELIMINARY STATEMENT AND STATEMENT OF THE ENTERPRISE*

*5. This action involves a systemic, coordinated pattern of real estate racketeering, mortgage fraud, and civil rights violations executed by the Defendants. The Defendants operated as an interconnected enterprise to exploit a vulnerable, disabled veteran, concealing material defects including total septic system failure to induce the execution of a fraudulent mortgage transaction.*

*6. The defendants engaged in professional misconduct, underwriting fraud, and official record interference to finalize the transaction against the explicit, written directives of the Plaintiffs.*

## *IV. CHRONOLOGICAL ALLEGATIONS OF RACKETEERING CONDUCT*

*7. Plaintiffs entered into negotiations for the purchase of the subject real property relying upon mandatory statutory disclosures regarding property condition and utility viability.*

*8. Defendants knowingly and intentionally suppressed material information regarding a complete, systemic failure of the property's septic system.*

*9. Throughout the transaction timeline, the real estate enterprise and its agents actively misled the Plaintiffs, presenting altered or falsified compliance documentation to induce the closing.*

*10. Prior to the closing date, Plaintiffs discovered the active concealment and issued immediate, explicit oral and written directives to halt the transaction and freeze all escrow funds.*

*11. Despite these explicit mandates, Defendants proceeded to finalize the transaction, executing a fraudulent mortgage and recording the deed without authorization.*

*12. On July 16, Plaintiffs discovered that the transaction had been forced through against their express commands.*

*13. When confronting the title agency regarding the unauthorized closing, agent Julie Hartman responded with professional misconduct and bad faith.*

## ***COUNT I: SYSTEMIC MORTGAGE FRAUD AND INDUCEMENT***

*14. Defendants intentionally misrepresented the underwriting viability and physical condition of the property to force the execution of a federal VA-backed loan transaction.*

*15. Plaintiffs reasonably relied on the required statutory disclosures, which were intentionally manipulated by the enterprise to secure illicit financial gains.*

## ***COUNT II: VIOLATIONS OF CIVIL RICO (18 U.S.C. § 1962)***

*16. The Defendants operated an ongoing, coordinated real estate racketeering enterprise utilizing mail and wire fraud to execute a pattern of fraudulent transaction closings.*

*17. The predicate acts were committed intentionally, targeting a disabled veteran and causing severe financial and housing instability.*

## ***COUNT III: FRAUDULENT FORGERY AND DISCLOSURE VIOLATIONS (A.R.S. § 33-422)***

*18. Defendants knowingly recorded forged, altered, or non-compliant public record instruments affecting the title of the real property.*

*19. Pursuant to Arizona Revised Statutes § 33-422, the failure to provide true, un-manipulated statutory disclosures voids the underlying transaction agreements.*

*20. Defendants engaged in active official record interference to conceal state law violations from regulatory bodies.*

## *COUNT IV: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT*

*21. Plaintiff is a qualified individual with a disability under the ADA. Defendants intentionally refused to provide mandatory modifications and accessible communication channels during a federal transaction.*

*22. Defendants actively exploited Plaintiff's visual impairments to obscure fraudulent changes made to closing documents and disclosures.*

## *COUNT V: CONSPIRATORIAL RETALIATION*

*23. Upon receiving formal notification of Plaintiff's intent to report the fraud to federal and state regulators, Defendants engaged in a coordinated campaign of economic coercion, threats of immediate foreclosure, and intimidation.*

## *V. FORMAL TRANSCRIPT ACCORDING TO MEMORY: CALL WITH JULIE HARTMAN*

*24. Plaintiff Paul Michael Nelson contacted title agent Julie Hartman immediately upon discovering the unauthorized closing to issue an emergency freeze directive.*

*25. The exchange occurred exactly as follows to the best of Plaintiff's memory:*

*Plaintiff: "Hello, Julie Hartman?"*

*Agent Hartman: "This is Julie."*

*Plaintiff: "This is Paul Nelson. Listen, do not, repeat, do not put this through! Do not release the funds, this is all fraudulent!"*

*Agent Hartman: [Laughing] "Hahaha, oh that's too bad Mr. Nelson, it's too late. It's done. It's already recorded, escrow is closed, and there's nothing you can do about it. Goodbye, Mr. Nelson." [Call terminated by Agent Hartman].*

## *VI. PRAYER FOR RELIEF*

*WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants for actual damages, statutory treble damages under civil RICO, punitive damages, and a declaration that the underlying mortgage transaction is completely null and void.* Plaintiffs hereby demand a trial by Jury on all issues and claims so triable in this action. PMN. CDN.

### *SECTION IV: EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER*

*26. Plaintiffs hereby petition this Court for an immediate Emergency Temporary Restraining Order to freeze all foreclosure actions, asset transfers, and enforcement mechanisms related to the fraudulent deed of trust.*

*27. Immediate and irreparable injury will result to Plaintiffs—specifically the loss of stable housing for a disabled veteran and vulnerable adult—before the matter can be heard on regular notice.*

*28. Plaintiffs possess a high likelihood of success on the merits given the documented statutory disclosure violations and unauthorized close of escrow.*

*Respectfully submitted,*

*Dated:* 24 Sept. 2026

[signature]

*Paul Michael Nelson, Plaintiff Pro Se*

*P.O. Box [Your Box]*

*Casa Grande, AZ*

*Dated:* 9·24·2026

[signature]

*Cynthia D. Nelson, Plaintiff Pro Se*

Stephanie Cosand
Notary Public - ARIZONA
PINAL COUNTY
Commission No. 691600
My Commission Expires February 8, 2030

State of: Arizona
County of: Pinal
The foregoing instrument was acknowledged before me 24 day of Sept. 2026
[signature]
Your Name Here, Notary Public
My Commission Expires Feb 8, 2030

### *SECTION V: SWORN AFFIDAVIT OF FACTS*

*STATE OF ARIZONA )*

*COUNTY OF NAVAJO ) ss.*

*I, Paul Michael Nelson, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I am a Plaintiff Pro Se in the above-captioned matter, that I have read the foregoing Complaint and Affidavit, and know the contents thereof, and that the following facts are true and correct to the best of my personal knowledge, information, and belief, so help me God:*

1. *I am a disabled veteran and a vulnerable adult residing in the State of Arizona.*
2. *The subject real property was intentionally misrepresented to me regarding its underwriting viability and utility compliance.*
3. *A total, systemic septic system failure was actively and knowingly concealed from me by the enterprise to secure a VA-backed mortgage transaction.*
4. *On July 16, I explicitly ordered the title agency and lenders to halt the transaction and freeze all funds due to active fraud.*
5. *The defendants intentionally bypassed my explicit directives, forcing the transaction to record and close without legal authorization.*
6. *Upon discovering the sabotage, the property's propane utility tank was empty, and critical utility lines had been intentionally compromised.*

*Dated:* 24 Sept. 2026

[signature]

*Paul Michael Nelson, Affiant*

*Subscribed and sworn to before me this* 24 *day of* September*,* **20**26 *by Paul Michael Nelson.*

[signature]

*Notary Public, State of Arizona*

*My Commission Expires:* Feb 8, 2030

Stephanie Cosand
Notary Public - ARIZONA
PINAL COUNTY
Commission No. 691600
My Commission Expires February 8, 2030

***SECTION VI: NOTICE OF ABSOLUTE STATUTORY RESCISSION (A.R.S. § 33-422)***

*TO: Mortgage Research Centers, LLC; NewRez LLC; David Ashton; Navajo County Attorney's Office; and all related parties.*

*NOTICE IS HEREBY GIVEN pursuant to Arizona Revised Statutes § 33-422 and federal truth-in-lending guidelines, that the deed of trust, promissory note, and all underlying transaction agreements executed regarding the subject property are hereby declared completely VOID AB INITIO.*

1. *Mandatory statutory disclosures regarding utility compliance and property restrictions were intentionally suppressed and manipulated.*
2. *Formal demand for immediate cure, contract rescission, and total financial restoration is hereby executed.*
3. *Failure to immediately suspend all collection, data reporting, and foreclosure mechanisms will result in immediate statutory sanctions and damages.*

*Dated:* 24 Sept. 2026

*Paul Michael Nelson, Plaintiff Pro Se*

*Dated:* 9·24·2026

*Cynthia D. Nelson, Plaintiff Pro Se*

State of: Arizona
County of: Pinal
The foregoing instrument was acknowledged before me 24 day of Sept. , 2026

Your Name Here, Notary Public
My Commission Expires Feb 8, 2030

Stephanie Cosand
Notary Public - ARIZONA
PINAL COUNTY
Commission No. 691600
My Commission Expires February 8, 2030

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

PLAINTIFF'S SUMMARY TIMELINE OF FRAUDULENT ESCROW RECORDING AND BREACH

**Property Address:** 6644 Avanti Way, Show Low, AZ 85901

**Escrow No:** 7181036962-JH (Pioneer Title Agency / Underwritten by Old Republic Title)

- **July 10, 2026 (12:04 PM MST):** Plaintiff formally issues a written **3-Day Notice to Cure** via email to Veterans United (Lender) and both transaction Brokers. The notice explicitly flags a material breach of contract regarding the lack of lawful disclosure, infrastructure tracking, and verified testing for the property's shared/community well water supply.
- **July 13, 2026:** The 3-day legal window to cure the water disclosure breach expires. The breach is left entirely uncured by the Seller and Brokers, legally halting the transaction.
- **July 16, 2026 (12:30 PM):** Escrow Agent Julie Hartman falsely claims via text message that the deed is recorded and forces a closing timeline without a mandatory final property walkthrough, missing the fundamental SPUDS, BINSR, and required water/septic disclosures.
- **July 16, 2026 (3:37 PM):** Plaintiff calls Escrow Agent Julie Hartman directly at (928) 537-4246 and explicitly commands: **"DO NOT PUT THIS FRAUDULENT LOAN TO RECORD!"** Escrow Agent Hartman refuses the directive, rudely states it is "too late" and already recorded at noon, and hangs up the phone.
- **July 16, 2026 (All Day):** The Navajo County Recorder's Office is **physically closed** to the public and all recordings due to catastrophic regional flooding. An actual recording at noon on this day was physically and legally impossible.
- **July 17, 2026 (8:35 AM):** In direct violation of a standing contract breach notice, and less than 17 hours after a direct verbal command from the Buyer to halt the transaction, Escrow Agent Julie Hartman and Pioneer Title surreptitiously submit and record the Warranty Deed (**Navajo County Digitally Recorded ID: 2026-10522**).
- **September 13, 2026:** Plaintiff files an official **Privacy Release Form with Congressman Eli Crane's Office (VA Case #: 2026-34702)** to initiate an immediate congressional investigation into systemic mortgage fraud, predatory lending, and title manipulation.
- **Statutory Violations Asserted:** Violation of **A.R.S. § 33-422** (Failure to provide mandatory land division affidavit); Violation of **A.R.S. § 6-841.02** (Title/Escrow

EXHIBIT A-1

agent statutory liability for escrow losses due to fraud, bad faith, and agent dishonesty); Federal Banking Fraud under **18 U.S.C. § 1014**

**MASTER INDEX TRO**

PAUL M. NELSON and
CYNTHIA D. NELSON,

Plaintiffs,

v.

MORTGAGE RESEARCH CENTERS, LLC,
DBA VETERANS UNITED HOME LOANS,
et al.,

Defendants.

Case No. ____________________

INDEX OF DOCUMENTS IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs hereby submit this Index of Documents and Exhibits attached in support of their Application for a Temporary Restraining Order:

DOCUMENT / EXHIBIT TITLE

1. Plaintiffs' Verified Complaint for Declaratory and Injunctive Relief

2. Plaintiffs' Application for an Emergency Temporary Restraining Order

3. Plaintiffs' Memorandum of Points and Authorities in Support of TRO

4. Sworn Declaration of Paul M. Nelson and Cynthia D. Nelson

5. Plaintiffs' Proposed Temporary Restraining Order

6. Notarized Affidavits and Supporting Business Record Exhibits

Dated: September 24, 2026

Respectfully submitted,

Paul M. Nelson

Paul M. Nelson, Plaintiff Pro Se

Cynthia Nelson

Cynthia D. Nelson, Plaintiff Pro Se

EXHIBIT B-1

INDEX

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

PLAINTIFF'S MASTER INDEX OF EVIDENCE ATTACHED FOR EMERGENCY TRO
Property Address: 6644 Avanti Way, Show Low, AZ 85901
Escrow No: 7181036962-JH

Plaintiff submits this Master Index to formally categorize the critical evidence supporting the immediate necessity of an Emergency Temporary Restraining Order (TRO):

- EVIDENCE ITEM 1: PLAINTIFF'S SUMMARY TIMELINE OF CONTRACT BREACH (4 pgs)
Chronological layout showing the July 10, 2026 3-Day Notice to Cure; the July 16, 2026 phone stop-order to Escrow Agent Julie Hartman; the physical closure of the Navajo County Recorder's Office due to regional flooding; and the bad-faith July 17, 2026 recording.

- EVIDENCE ITEM 2: FORMAL 3-DAY NOTICE TO CURE (EMAIL DISPUTE CHAIN) (2 pgs)
Dated July 10, 2026. Proves formal notification was delivered to real estate brokers and lender Veterans United regarding material contract breaches, unverified well water testing, and missing regulatory disclosures.

- EVIDENCE ITEM 3: NAVAJO COUNTY WARRANTY DEED RECORDING STAMP (1 pg)
Digitally recorded July 17, 2026, at 8:35 AM MST (Navajo County ID: 2026-10522). Proves the title agency recorded the deed the morning AFTER being given a explicit verbal stop-command on July 16.

- EVIDENCE ITEM 4: PIONEER TITLE AGENCY STANDARD TERMS AND CONDITIONS (2 pgs)
Citing A.R.S. § 6-841.02. Establishes the title company's absolute statutory and underwritten financial liability for escrow losses caused directly by the fraud, bad faith, or dishonesty of an escrow agent.

- EVIDENCE ITEM 5: CONGRESSIONAL INQUIRY PRIVACY RELEASE FORM (1 pg)
Filed September 13, 2026, with U.S. Congressman Eli Crane (VA Case #: 2026-34702). Documents formal administrative escalation for predatory lending, title manipulation, and severe undisclosed septic/zoning safety failures.

EVIDENCE ITEM 6: CLOUDING OF TITLE (5 pgs)

EVIDENCE ITEM 7: CANCELLATION OF INSURANCE (1 pg)

"INDEX"

EXHIBIT B-2

The Formal Notice 3 days to cure

----- Forwarded Message -----
**From:** paul nelson <nelson.paul2019@yahoo.com>
**To:** taylor.deppe@vu.com <taylor.deppe@vu.com>; Lora Grenier <lora.grenier@veteransunited.com>
**Sent:** Friday, July 10, 2026 at 12:04:08 PM MST
**Subject:** Fw: FORMAL NOTICE

I just wrote and sent this to all of them.

----- Forwarded Message -----
**From:** paul nelson <nelson.paul2019@yahoo.com>
**To:** Shawn Wirtz <shawn.wirtz@wmadvantage.com>; tina.camp@wmadvantage.com <tina.camp@wmadvantage.com>; Stephanie Crain <stephanie@mtnretreatrealty.com>
**Sent:** Friday, July 10, 2026 at 12:01:49 PM MST
**Subject:** FORMAL NOTICE

To all listed parties:
Re: 6644 Avanti way, Show Low, Az. 85901
Listing Agent Stephanie Crain dba Mountain Retreat Realty & Shawn Wirtz dba Advantage Real Estate and Seller, Raymond Jolly: all operating within Navajo County, Az.

I am aware of the fact that my lender, Veterans United, in accordance with The Veterans Administration, HUD, The Arizona Revised Statutes (laws), as well as Arizona Real Estate Laws: has been denied essential documents required and requested by law.

The listing agent has failed to provide/ disclosure of the requested, documents required, regarding the water supply and/or clarification of it being either a private well that has documentation of maintenance and regulatory testing; a "community well" defined by relative laws and regulatory guidelines that have specific criteria and conditions; or evidence of any such legally required documentation that provides proof the water supply is compliant with state and federal requirements.

This is a serious issue and constitutes not only a breach of contract on the listing agent/ brokerage, but raises another problem that jeopardized this already quasi legal transaction and creates a potential EPA Violation and threat of Real proportion.

I hereby notify you that acting on my own behalf in protecting my vested interests in this transaction, Demand a resolution, within 3 days, to cure or face legal action in the event that closing is not legally and satisfactorily achievable as scheduled.

Paul M. Nelson

Pg. 1 of 4

EVIDENCE ITEM #1

Pioneer Title Agency, Inc.

*"Commitment to Service"*

# SETTLEMENT AGENT'S STATEMENT OF RECEIPT OF SELLER'S NON-FOREIGN STATUS AFFIDAVIT

Escrow No: 7181036962 - JH
Buyer: Paul Nelson and Cynthia Nelson
Property Address: 6644 Avanti Way, Show Low, AZ 85901

The undersigned hereby certifies to Paul Nelson and Cynthia Nelson (Buyer) that:

A. I am an employee of Pioneer Title Agency, Inc. (the "Company"), which is a "qualified substitute" under Internal Revenue Code ("I.R.C.") Section 1445(f)(6), and am authorized to execute this Statement on the Company's behalf; and

B. Pursuant to I.R.C. Section 1445(b)(9), each of the following Seller or Sellers, who are all of the Sellers in the above-referenced transaction, has provided to the Company a Non-Foreign Status Affidavit pursuant to I.R.C. Section 1445(b)(2): RAYMOND D JOLLY and REBECCA L JOLLY.

Executed under penalty of perjury on this 17th day of July, 2026.

Sherrie' Lyar

Settlement Agent's Signature

**Note:**

Section 1445 of the Internal Revenue Code ("I.R.C.") provides that a transferee (Buyer) of a U.S. real property interest must withhold tax if the transferor (Seller) is a foreign person. Pursuant to I.R.C. Section 1445(b)(2), no withholding is required if the transferor (Seller) furnishes to the transferee (Buyer) a Non-Foreign Status Affidavit stating, under penalty of perjury, the transferor's United States Taxpayer Identification Number and that the transferor is not a foreign person.

I.R.C. Section 1445(b)(9) provides an alternative procedure for furnishing Non-Foreign Status Affidavits. The alternative procedure allows a Seller to furnish the Non-Foreign Status Affidavit to a "qualified substitute" instead of the Buyer so long as the qualified substitute furnishes a statement to the Buyer stating, under penalty of perjury, that the qualified substitute is in possession of the Non-Foreign Status Affidavit. A qualified substitute is defined in I.R.C. Section 1445(f)(6) as the person (including any attorney or title company) responsible for closing the transaction, other than the Seller's Agent, and the Buyer's Agent.

pg. 2 of 4



EVIDENCE ITEM #1

**Pioneer Title Agency, Inc.**

*Commitment to Service*
240 S White Mountain Road, Show Low, AZ 85901
Phone: (928) 537-4222 • Fax: (928) 537-6426

July 17, 2026

Paul Nelson
Cynthia Nelson
P.O. Box 1452
Arizona City, AZ 85123

RE: Escrow No.: 7181036962 - JH
Seller/Buyer: RAYMOND D JOLLY and REBECCA L JOLLY / Paul Nelson and Cynthia Nelson
Property Address: 6644 Avanti Way, Show Low, AZ 85901

In connection with the above referenced escrow, we enclose the following items:

- PLEASE READ: Tax - Information to New Buyer/Property
- Copy of Final Settlement Statement
- Settlement Agent's Statement
- Original recorded Deed

We would like to thank you for the opportunity of serving you and hope that you will contact us again for your escrow and title needs.

Sincerely,

Julie Hartman
Escrow Officer
Julie.Hartman@pioneertitleagency.com

Pg. 3 of 4



EVIDENCE ITEM 1

**ESTIMATED**

American Land Title Association

ALTA Settlement Statement - Combined
Adopted 05-01-2015

File No./Escrow No.: 7181036962
Print Date & Time:
07/14/2026 at 11:54AM MST
Officer/Escrow Officer: Julie Hartman

**Pioneer Title Agency, Inc.**
ALTA ID: 0000097
Closing Office Address
240 S White Mountain Road
Show Low, AZ 85901

Pioneer Title Agency, Inc.

Property Address: 6644 Avanti Way, Show Low, AZ 85901
Buyer: Paul Nelson and Cynthia Nelson
Seller: RAYMOND D JOLLY and REBECCA L JOLLY
Lender: Mortgage Research Center, LLC DBA Veterans United Home Loans
Settlement Date: 07/16/2026
Disbursement Date: 07/16/2026

| Seller | | | Description | Buyer | | |
|---|---|---|---|---|---|---|
| P.O.C. | Debit | Credit | | P.O.C. | Debit | Credit |
| | | | **Deposits, Credits, Debits** | | | |
| | | $501,000.00 | Sales Price | | $501,000.00 | |
| | | | Earnest Money Held by Pioneer Title Agency, Inc. | | | $5,000.00 |
| | | | **Title Fees - Pioneer Title Agency** | | | |
| | | | Total for Endorsements (ALTA 7, ALTA 8.1) | | $200.00 | |
| | | | Title - Extended Lenders Title Insurance | | $1,300.00 | |
| | | | Closing Protection Letter | | $25.00 | |
| | $2,200.00 | | Title - Homeowners Title Insurance | | | |
| | | | **Escrow Fees - Pioneer Title Agency** | | | |
| | $613.00 | | Title - Settlement/Closing Fee to Pioneer Title Agency | | $613.00 | |
| | | | **Recording Fees - Pioneer Title Agency** | | | |
| | | | Record Warranty Deed to Pioneer Title Agency | | $30.00 | |
| | | | Record Deed of Trust to Pioneer Title Agency | | $30.00 | |
| | | | **Payoff - Freedom Mortgage Corporation (Payoff) - 302911.99** | | | |
| | $301,928.08 | | Payoff Principal Balance to Freedom Mortgage Corporation (Payoff) | | | |
| | $863.91 | | Accrued Interest Per Statement | | | |
| | $30.00 | | Statement Fee | | | |
| | $30.00 | | Recording Fee | | | |
| | $60.00 | | Additional Items Due | | | |
| | | | **New Loan - Mortgage Research Center, LLC DBA Veterans United Home Loans** | | | |
| | | | Loan Origination Fee to Mortgage Research Center, LLC DBA Veterans United Home Loans | | $3,500.00 | |
| | | | Loan Discount Fee to Mortgage Research Center, LLC DBA Veterans United Home Loans | | $1,868.73 | |
| | | | Credit Report to Mortgage Research Center, LLC DBA Veterans United Home Loans | | $50.90 | |
| | | | Lender Credit from Mortgage Research Center, LLC DBA Veterans United Home Loans | | | $4,986.90 |



Pg. 4 of 4

EVIDENCE ITEM #1

On Saturday, July 11, 2026 at 08:23:09 PM MST, paul nelson <nelson.paul2019@yahoo.com> wrote:

The Formal Notice 3 days to cure

----- Forwarded Message -----
**From:** paul nelson <nelson.paul2019@yahoo.com>
**To:** taylor.deppe@vu.com <taylor.deppe@vu.com>; Lora Grenier <lora.grenier@veteransunited.com>
**Sent:** Friday, July 10, 2026 at 12:04:08 PM MST
**Subject:** Fw: FORMAL NOTICE

I just wrote and sent this to all of them.

----- Forwarded Message -----
**From:** paul nelson <nelson.paul2019@yahoo.com>
**To:** Shawn Wirtz <shawn.wirtz@wmadvantage.com>; tina.camp@wmadvantage.com <tina.camp@wmadvantage.com>; Stephanie Crain <stephanie@mtnretreatrealty.com>
**Sent:** Friday, July 10, 2026 at 12:01:49 PM MST
**Subject:** FORMAL NOTICE

To all listed parties:
Re: 6644 Avanti way, Show Low, Az. 85901
Listing Agent Stephanie Crain dba Mountain Retreat Realty & Shawn Wirtz dba Advantage Real Estate and Seller, Raymond Jolly: all operating within Navajo County, Az.

I am aware of the fact that my lender, Veterans United, in accordance with The Veterans Administration, HUD, The Arizona Revised Statutes (laws), as well as Arizona Real Estate Laws: has been denied essential documents required and requested by law.

The listing agent has failed to provide/ disclosure of the requested, documents required, regarding the water supply and/or clarification of it being either a private well that has documentation of maintenance and regulatory testing; a "community well" defined by relative laws and regulatory guidelines that have specific criteria and conditions; or evidence of any such legally required documentation that provides proof the water supply is compliant with state and federal requirements.

This is a serious issue and constitutes not only a breach of contract on the listing agent/ brokerage, but raises another problem that jeopardized this already quasi legal transaction and creates a potential EPA Violation and threat of Real proportion.

1 of 2

EVIDENCE ITEM #2

I hereby notify you that acting on my own behalf in protecting my vested interests in this transaction, Demand a resolution, within 3 days, to cure or face legal action in the event that closing is not legally and satisfactorily achievable as scheduled.

Paul M. Nelson



EVIDENCE ITEM #2

at the request of Pioneer Title Agency, Inc.
When recorded mail to
Paul Nelson
P.O. Box 1452
Arizona City, AZ 85123

7181036962 - JH

--- Digitally Recorded ---
ID 2026-10522
County Navajo
Date/Time 07/17/2026 8:35 AM
www.recordingexpress.com

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# WARRANTY DEED
(Community Property With Right Of Survivorship)

For the consideration of Ten Dollars, and other valuable considerations,

Raymond D Jolly and Rebbecca L Jolly, husband and wife

do/does hereby convey to

Paul Nelson and Cynthia Nelson, husband and wife

not as tenants in common nor as a community property estate nor as joint tenants with right of survivorship, but as community property with right of survivorship, the following real property situated in Navajo County, Arizona, together with all rights and privileges appurtenant thereto, to wit:

Parcel 2, of Record of Survey recorded in Book 60 of Surveys, page 44, records of Navajo County, Arizona, being a portion of the Northwest quarter of Section 20, Township 11 North, Range 21 East, of the Gila and Salt River Base and Meridian, Navajo County, Arizona.

SUBJECT TO: Current taxes and other assessments, reservations in patents and all easements, rights of way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record.

The Grantor warrants the title against all persons whomsoever.

The Grantees by signing the acceptance below evidence their intention to acquire said premises as community property with right of survivorship.

DATED: July 02, 2026

Accepted and approved:

Paul M. Nelson (signature)
Paul Nelson

RAYMOND D JOLLY

Cynthia Nelson (signature)
Cynthia Nelson

REBECCA L JOLLY

*See attached for additional notary acknowledgement*



EVIDENCE ITEM #3



for any deeds, notes, security instruments, agreements, addendums and other Transaction Documents requiring notarized signatures and (b) acknowledgment that you will not raise any defense or invoke regulatory or statutory claims attempting to invalidate the enforceability of any Transaction Document notarized using RON. Should you desire at any time to withdraw your consent to your use of RON, you may do so at any time.

19. Settlement Statements. Seller and Buyer understand that a combined HUD-1 Settlement Statement and/or Closing Statement may be provided to each party and their agents to facilitate this transaction.

20. Personal Identifying Information. Escrow Agent may, in its sole discretion, delete or make unreadable personal identifying information (such as social security or driver's license numbers) contained on documents to be recorded, unless such information is necessary for a document's validity or in order for it to be recorded.

21. Conflicting Demands. In the event conflicting demands are made upon Escrow Agent concerning these instructions or this escrow, Escrow Agent is authorized to hold any money and documents deposited hereunder until it receives mutual, written instructions or a final, non-appealable court order determining the rights of all parties. Alternatively, Escrow Agent may, at its discretion and at any time, commence a civil action to interplead any conflicting demands to a court of competent jurisdiction. In accordance with the Indemnification Paragraph, the parties will pay any expenses, costs and attorneys' fees incurred by Escrow Agent in connection with the interpleader action and any appeal. They therefore authorize and direct Escrow Agent to deduct all such expenses, costs and attorney's fees from any escrowed funds before depositing those funds into court.

22. Unclaimed Funds Charges.

A. Funds Held Pending Dispute Resolution: If for any reason funds remain in an escrow after the closing date due to a dispute wherein Escrow Agent has given Seller and Buyer at least thirty (30) days notice that said charge will accrue, Escrow Agent will deduct a monthly charge of $30.00 from those funds as custodian for maintaining the funds in its escrow account. The deductions will occur on a monthly basis until (i) the entire sum in the escrow has been exhausted or (ii) the dispute has been resolved by mutual, written agreement or a final, non-appealable court order, whereupon Escrow Agent will distribute the remainder as directed in the agreement or court order.

B. Stale Dated Checks: If for any reason a check from Escrow Agent is not cashed within six (6) months from the date of issuance, a $30.00 charge shall be assessed by Escrow Agent for re-issuance of the check.

C. Escheat: If for any reason a check from Escrow Agent is not cashed for one year or more, Escrow Agent shall deduct a charge of $30.00 per month from the funds as custodian for maintaining the funds in its account until the entire sum of said uncashed check has been exhausted or a claim has been made for the remainder. In the event three (3) years elapses, any unclaimed remainder will be sent to the State of Arizona [e]scheat fund.

...[in]g Law/Jurisdiction. These Terms and Conditions shall be governed by, construed and enforced in ... the internal substantive laws of the State of Arizona (without reference to choice of law principles). ...ther proceeding (collectively, the "Proceedings") brought to interpret, enforce or construe these ...r Escrow Agent's obligations relating thereto or to the transaction which is the subject of this ...nced and maintained solely in an appropriate court of the State of Arizona. In furtherance ...roceedings, the undersigned (i) irrevocably submit to the process, jurisdiction and venu[e] ...ive and agree not to assert by way of motion, defense, complaint or otherwise any ...subject to the jurisdiction of said Arizona courts, or that the forum or venue of ...ient or improper.

...a Revised Statutes ("A.R.S") §12-1363.L, notice is hereby provided ...§§12-1361, 1362 and 1363. These statutory sections set forth ...an action against the seller of a dwelling arising out of or ...dwelling. "Dwelling" means a single or multifamily unit ...nts owned or maintained by an association or its ...association or other organization engaged in ...te statutory sections (located in Title 12, ...w.azleg.gov/arstitle/.

...r seller of a residential dwelling ...is underwritten, disclosure is ...vides protection for the

... (43090)

# Pioneer Title Agency, Inc.

*"Commitment to Service"*

## TERMS AND CONDITIONS OF ESCROW

ESCROW NO: 7181036962 - JH

The undersigned hereby employ Pioneer Title Agency, Inc. to act as Escrow Agent in closing the above-referenced [e]scrow. They understand and agree, and instruct Escrow Agent, as follows:

...eposit of Documents and Funds by Parties. They will deposit with Escrow Agent the necessary documents to ...e the sale as established by the terms of the parties' real estate purchase contract ("Purchase Contract") and ... payable under the Purchase Contract unless otherwise specified. All foreign funds must be wire ... the form of U.S. Dollars.

...of Funds. They instruct Escrow Agent to pay from funds held for said purpose, amounts necessary ...uments and to pay charges and obligations necessary to consummate this transaction, in ...rchase Contract. Escrow Agent shall be under no obligation to disburse any funds deposited ...ed by the bank that the check/draft has been honored. In the event any check/draft given ..., subsequently dishonored, Seller agrees to refund any remittance made to Seller by

...very of Documents. They authorize Escrow Agent to execute and record ...value, using the total consideration for the established value, unless ...w acknowledge that deposit of Buyer's final closing funds into ... for closing shall constitute authorization to Escrow Ag... ...escrow/title requirements. At that time, Escrow A... ...propriate public office, all necessary docum... ...ccept electronic delivery of documents, ...scrow Agent.

...hange Buyer's vesting inf... ...n to include Buyer's ... ...n the deed its... ...crow A...

EVIDENCE ITEM #4 pg 1 of 2

22. Unclaimed Funds Charges. ... before depositing those funds into court. ... Agent to deduct all such expenses, costs and

A. Funds Held Pending Dispute Resolution: If for any reason funds remain in an escrow after the closing date due to a dispute wherein Escrow Agent has given Seller and Buyer at least thirty (30) days notice that said charge will accrue, Escrow Agent will deduct a monthly charge of $30.00 from those funds as custodian for maintaining the funds in its escrow account. The deductions will occur on a monthly basis until (i) the entire sum in the escrow has been exhausted or (ii) the dispute has been resolved by mutual, written agreement or a final, non-appealable court order, whereupon Escrow Agent will distribute the remainder as directed in the agreement or court order.

B. Stale Dated Checks: If for any reason a check from Escrow Agent is not cashed within six (6) months from the date of issuance, a $30.00 charge shall be assessed by Escrow Agent for re-issuance of the check.

C. Escheat: If for any reason a check from Escrow Agent is not cashed for one year or more, Escrow Agent shall deduct a charge of $30.00 per month from the funds as custodian for maintaining the funds in its account until the entire sum of said uncashed check has been exhausted or a claim has been made for the remainder. In the event three (3) years elapses, any unclaimed remainder will be sent to the State of Arizona escheat fund.

23. Governing Law/Jurisdiction. These Terms and Conditions shall be governed by, construed and enforced in accordance with the internal substantive laws of the State of Arizona (without reference to choice of law principles). Any suit, action or other proceeding (collectively, the "Proceedings") brought to interpret, enforce or construe these Terms and Conditions or Escrow Agent's obligations relating thereto or to the transaction which is the subject of this Agreement shall be commenced and maintained solely in an appropriate court of the State of Arizona. In furtherance thereof, with regard to said Proceedings, the undersigned (i) irrevocably submit to the process, jurisdiction and venue of said Arizona courts and (ii) waive and agree not to assert by way of motion, defense, complaint or otherwise any claim that a party is not personally subject to the jurisdiction of said Arizona courts, or that the forum or venue of such Proceedings in Arizona is inconvenient or improper.

STATUTORY DISCLOSURES

1. Purchaser Dwelling Actions. Pursuant to Arizona Revised Statutes ("A.R.S") §12-1363.L, notice is hereby provided to the buyer of a dwelling of the provisions of A.R.S. §§12-1361, 1362 and 1363. These statutory sections set forth the requirements to be met by a buyer prior to bringing an action against the seller of a dwelling arising out of or related to the design, construction, condition or sale of the dwelling. "Dwelling" means a single or multifamily unit designed for residential use and common areas and improvements owned or maintained by an association or its members. "Seller" means any person, firm, partnership, corporation, association or other organization engaged in the business of designing, constructing, or selling dwellings. The complete statutory sections (located in Title 12, Article 14) can be viewed on the Arizona State Legislature's website:https://www.azleg.gov/arstitle/.

2. Closing Protection Letters. Pursuant to A.R.S. §6-841.02.A, if you are a buyer or seller of a residential dwelling and a title insurance policy is to be issued by a title insurer through which Escrow Agent is underwritten, disclosure is hereby made that the title insurer shall offer on request a closing protection letter that provides protection for the



loss of escrow monies due to fraud or dishonesty of the escrow agent. A "residential dwelling" is defined as an owner occupied structure or an investment property that is designated for residential use by four or fewer families. (A.R.S. 6-841.02.C).

3. Uninsured Monies. Pursuant to A.R.S. §6-841.03, if you are a buyer or seller of a residential dwelling (as defined in Paragraph 2, Closing Protection Letters, above), disclosure is hereby made that monies deposited in an escrow account are not insured against loss from fraud or theft by the State of Arizona or the United States government.

4. Good Funds Law. All parties are aware and understand that Arizona Revised Statutes §6-843 requires that an escrow agent disburse money from an escrow account only if funds are deposited and available for withdrawal. Availability of funds is determined as follows:

(i) ELECTRONIC TRANSFERS ("wired funds") are available for disbursement THE SAME DAY AS RECEIVED.

(ii) CASHIER'S CHECKS, CERTIFIED CHECKS, OFFICIAL CHECKS AND TELLER'S CHECKS are available for disbursement THE SAME DAY AS DEPOSITED.

In order to avoid delays of two days or more, please use the above methods of payment whenever possible.

5. Arizona's Notary Laws. Under Arizona law, "satisfactory evidence of identity" for purposes of a notary's acknowledging signatures or performing jurats includes, but is not limited to: (i) a driver's license issued by a state or territory of the U.S.; (ii) a U.S. passport, (iii) an identification card issued by any branch of the U.S. armed forces; or (iv) an identification card issued by the U.S., or a state or tribal, government containing the individual's photograph, signature and physical description. For purposes of a real estate conveyance or financing, such evidence may also include (i) a passport issued by a foreign government if accompanied by a visa or other documentation issued by the U.S. government to establish the individual's legal presence in the U.S. or (ii) identification deemed acceptable by the U.S. Department of Homeland Security to establish the individual's legal presence in the U.S. and any supporting documents required by said Department. All forms of identification must be unexpired. To avoid any

EVIDENCE ITEM #4 Pg. 2 of 2

**Congressman Eli Crane**
122 N. Cortez St Suite 211
Prescott, Arizona 86301
Office: (928) 286-5338

# PRIVACY RELEASE FORM

**Name:** Paul Michael Nelson **Phone #:** (928) 205-2380

Not Mail... Residential Property Purchase location only

**Address:** 6644 Avanti Way, Show Low, Az. 85901
Street City State Zip

**DOB:** 07-16-1968 **Email:** Nelson.Paul2019@Yahoo.com

**Social Security #:** 601030446 **VA Case #:** 2026-34702 **Date Claim Filed:** 07-23-2026

**BRIEF DESCRIPTION OF PROBLEM:**

The issue I am having (If more room is required, please use a separate sheet of paper):

To start with: Wide Spread Systemic Fraud: 18 USC 1014 & 1344 15 USC 1693g, 18 USC 1349, 42 USC 1282, What began as a serious Neurological/Brain infection that has been largely mishandled by the VA Medical System since Sept. 2025 (From Rodent Infestation Exposure in Public) and Prompted Emergency medical help that's gone improperly diagnosed or treated, which forced me to make "end of life plans that included purchasing this home for my family's survival upon my expected death", - I was exploited and victimized by a Criminal Enterprise of Realtors, Title Agent and predatory lender - "Uninsurable, Unmarketable Deed" Fraud see Evidence Files

The resolution I am seeking: Complete, Immediate Oversight & Investigation by VA OIG & US Atty Gen. FBI and Criminal Charges ASAP - I will testify if they don't first kill me! I have the "Solid Evidence". VA Mortgage Fraud - Lender forced Close/met None of VA's MPRs Closed during breach of (Fraudulent) 3 day Cure Notice - Defying My Instructions (Timely)

Have you filed subsequent claims? ☐ Yes ☐ No Is this case in appeal? ☐ Yes ☐ No

**Have you contacted another Member of Congress?** If so, which office? ______

If you would also like this information to be provided to a spouse, parent, child, attorney, or other party please indicate: Wife - family in the event of my death or inability to stand

I am aware that the Privacy Act of 1974 prohibits the release of information in my file without my approval. Pursuant to 5 U.S.C. 552a, I hereby authorize all appropriate Federal agencies or departments to provide information on my claim/case to the office of Congressman Eli Crane.

I also certify, under penalty of perjury, that I provided all information in this privacy release and any related document(s) submitted with it. I attest that this document(s) and the information therein, is complete, true, and correct.

**SIGNATURE:** [signature] **DATE:** 09/13/2026

☐ I would like to receive Congressman Crane's email newsletter.

EVIDENCE ITEM # 5

2026-13886
Page 1 of 5
Navajo County Recorder - David Marshall
Requested By: Paul Nelson
09-15-2026 02:34 PM Recording Fee $30.00

# NAVAJO COUNTY RECORDER'S

# RECORDING DOCUMENT

# COVER PAGE

EVIDENCE ITEM #6

1

I Paul M. Nelson hereby Solemnly Swear and attest under penalty of perjury and in accord with the provisions of Arizona law and VA Chapter 12 Minimum property Requirements (MPR's), everything I am disclosing herein is true and Correct to the best of my ability, so help me God.

Paul M. Nelson [signature] dated 9-10-2026

Notary [signature]
Commission Expires 1-19-2028

KC JONES
Notary Public - Pinal County
Commission No. 660966
My Commission Expires
1-19-2028

Regarding 6644 Avanti Way, Show Low, Az. 85901
parcel 205-30-018

- Per Veterans United Loan # 4405251098405 79
- VA Loan 48-45-6-3448902
- Pioneer Title Agcy. Escrow #1036962 / 718-1036962-JH
- Old Republic National Title Insurance Policy HYWR-08052066 Claim 49420
- VA OIG Report of VA Mortgage Fraud 18USC 1014 & 1344, 15USC 1693g EFTA
- In accord with ARS 13-2320 ARS 13-2407

Pioneer Title Agcy. Julie Hartman, on 16 July, 2026 at approx 12:30 PM falsely stated the deed for this property was recorded and released keys, forcing a Close although no walk through inspection occurred due to breach of Contract of ignored, FORMAL 3-DAY NOTICE TO CURE issued 10 July, 2026 thereby violating State and Federal laws Cited and further ignored breached Contract due to 16 July, 2026 Plumber report proving -

the Septic system of the property is an illegally and uninspected, non-Compliant system Which is failed, is backing up raw sewage, has zoning Violations including unlawful Connections that are failed, and the home is "legally Unoccupyable", pending Serious repairs. Escrow Was unlawfully Closed with an incomplete file, intentionally redacted of all Addendums, The Formal 3 Day Notice To Cure, The SPUDS, BINSR and done without a final Walkthrough which was not possible due to removal of the utility (Propane) days prior, by the Seller. Regardless of Escrow agent Hartman's text message at approx. 12:30 PM stating the deed recorded, we (the potential buyers) drove to phone Service and Called Pioneer Title Agent Hartman at approx. 3:27 PM (Time 3:09) 16 July, 2026 (928) 537-4246 I specifically told Julie Hartman, "DO NOT PUT THIS FRAUDULENT LOAN TO RECORD"! To which She said, "Ha, Ha, Ha! That's too bad Mr. Nelson. It's already been recorded. It's too late now and there's nothing you can do about it. Good bye Mr. Nelson"!" She was deliberately malicous and wicked. What is a Significant fact, is that on this 16th day of July, 2026, Navajo County Recorder's office did not record anything at all for anyone at all, as the entire County Complex was flooded with sanitation debris water. Mrs. Hartman lied, Concealed fraud, actively aided and abetted in Exploitation of a Vulnerable Adult, Disabled Veteran and Colluded with

Others she frequently associates in fraudulent business practices, and she actively commit 18 USC 1014 & 1344 Federal Banking Fraud & VA Mortgage Fraud as well as Tampering with government documents.

On 17 July, 2026 @ approx. 0837 AM Julie Hartman signed the fraudulent Escrow Closing Deed and Sent it over to Navajo County Recorder's office, to be fraudulently recorded, thereby Causing extreme emotional, physical and prolonged overall harm to this potential buyer as well as extreme financial hardship, pain and suffering.

This unlawfully executed recording of Deed is to a property with a Completely failed, and undersized Septic system with unpermitted, uninspected, illegal bathroom Connected to the undersized Septic tank, via a failed Connection. The Other Concern beyond these two physical Violations that make it legally unoccupyable, despite the fraudulently obtained, uninspected, as built bathroom permit obtained via a fraudulent Engineer David R. Ashton Ne225 and fraudulent Septic Inspector Dave Robinson of White Mountain Testing, is the fact that the Certificate of Occupancy is Clearly forgery and no such Certificate was issued for this property on 7-1-2026, nor is

there any verifiable, valid record of any Such Certificate in the time since this Septic System was fraudulently granted Permit via Engineer David R. Ashton #16225 in 2016 or when he again fraudulently misrepresented Material facts and forged fraudulent Drawings to deceive Navajo County. While his Criminal drawings are unique in that each has its own special fraudulent Characters, including incorrect building size dimensions, inverted address or the ever so clever slight Variations of deviating digits of parcel numbers, Such little tricks that along with any distracting Conversation, generally enable him to slip these fraudulent document past the County Clerks and obtain their authentic stamp, all the while remaining fraudulent without being even noticed by the distracted records clerks.

This Deed is "Unmarketable" is "Invalid", was "Fraudulently-Conveyed", the property does not even Come Close to meeting any of the VA Loan MPR's and there is no "Structured, Corporate style Well Share Agreement", No sort of "Well Water quality test logs" and no "Transparent Escrow fund to display financial shares of maint. costs".

BUYER BE WARE - "CLOUDY TITLE"!

kin.

Kin Insurance, Inc

222 W Merchandise Mart Plaza, Suite 228
Chicago, IL 60654

Main (312) 488-3506
Fax (312) 757-4155
Kin.com

9/10/2026

Paul M Nelson and Cynthia Nelson
1452 PO BOX
Arizona City, AZ 85123-1348

**RE: Detailed Explanation of Cancellation Reason**

Policy Number: NEX-MH-AZ-119196028

Risk Location: 6644 Avanti Way, Show Low, AZ 85901-4189

Cancellation Effective Date: 08/27/2026

Dear Mr. and Mrs. Nelson,

We are writing in response to your request for additional detail regarding the reason for the cancellation of the above-referenced policy. Our previously provided Notice of Cancellation, dated 07/28/2026, cited the following reasons: "All or part of the risk was not built by a licensed contractor" and "Premises has existing or unrepaired damage." This letter provides further detail on the specific findings that supported that decision.

Based on the underwriting review of the property, the following conditions were identified and were unknown to us at the time the policy went into effect:

1. Unpermitted bathroom renovation and unprofessional repair work.
2. Damage to a doggy door.
3. Damage to a garage door.

These conditions represented existing, unrepaired damage and non-licensed construction/repair work on the risk, which we were unaware of at the time the policy was written, fall outside our underwriting guidelines. As noted in your Notice of Cancellation, this determination was made without regard to fault, and the policy was cancelled in accordance with its terms and conditions.

If you have any questions regarding this letter, please contact us at (855) 216-7674 or support@kin.com.

Sincerely,

Kin Insurance

EVIDENCE ITEM #7

The only Carrier who would insure due to wild land fire risk
Now Uninsurable

EVIDENCE ITEM #7