WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Paul Michael Nelson, et al.,

Plaintiffs,

v.

Mortgage Research Centers LLC, et al.,

Defendants.

No. CV-26-06833-PHX-JAT

**ORDER**

Pending before the Court is Plaintiffs' application to proceed in forma pauperis and motion for temporary restraining order. (Docs. 7 and 8).

**I. Legal Standards for In Forma Pauperis Motions**

**A. Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)). The Court may also, "consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023), *cert. denied sub nom. Hymas v. Dep't of the Interior*, 144 S. Ct. 2604 (2024). The Court may also impose a partial filing fee. *Id.* at 767.

**B. Screening – 28 U.S.C. § 1915(e)(2)**

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

**II. Discussion**

**A. Ability to Pay**

Plaintiffs allege that their expenses exceed their income. (Doc. 8 at 6). Plaintiffs allege that all of their expenses are for "survival." (*Id.*). Plaintiffs' monthly income is $6,215. The Court finds Plaintiffs' expenses for "survival" to be $4,450 monthly. Specifically, the Court does not consider the loan that forms the basis of this case, or the Plaintiffs' credit card debt, to be a "survival" expense. Thus, because Plaintiffs have $1,765 in income per month over survival expenses, and $5,000 in cash, the Court will impose a partial filing fee as specified below.

Until the Plaintiffs pay the filing fee, this case has not commenced. 28 U.S.C. § 1914; *Wairimu v. Dir., Dep't of Homeland Sec.*, No. 19-CV-174-BTM-MDD, 2019 WL

460561, at *3 (S.D. Cal. Feb. 5, 2019). Therefore, the Court cannot consider the motion for temporary restraining order or screen the complaint.

Based on the foregoing,

**IT IS ORDERED** that the application to proceed in forma pauperis (Doc. 8) is granted in part. Plaintiffs must pay a $50.00 filing fee; all other fees are waived. If Plaintiffs fail to pay the $50.00 filing fee within 30 days of the date of this Order, the Clerk of the Court shall dismiss this case, without prejudice, and enter judgment accordingly.

Dated this 2nd day of October, 2026.

James A. Teilborg
Senior United States District Judge